J-S01029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK QUINTIN GALLOWAY | : | |
| | : | |
| Appellant | : | No. 623 MDA 2023 |

Appeal from the PCRA Order Entered April 13, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003033-2007

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED: APRIL 4, 2024**

Mark Quintin Galloway appeals *pro se* from the order denying his untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

The pertinent facts and procedural history may be summarized as follows:  On September 8, 2008, Galloway entered an open guilty plea to four counts of attempted murder, five counts of aggravated assault, and other charges after he shot at a group of people.  On December 22, 2008, the trial court sentenced him to an aggregate term of 41½ to 100 years in prison.  Galloway filed a post-sentence motion, which the trial court denied.  Galloway appealed.   On January 6, 2010, we affirmed his judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Galloway*, 991 A.2d 356 (Pa. Super. 2010) (non-precedential decision).  Galloway did not seek further review.

On June 15, 2010,  Galloway filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel.  On February 22, 2011, PCRA counsel filed an amended petition.  The PCRA court held an evidentiary hearing on June 9, 2011, at which Galloway and trial counsel testified.  By order entered September 1, 2011, the PCRA court denied Galloway's petition.  Galloway appealed.  We affirmed the denial of post-conviction relief on July 19, 2012, and our Supreme Court denied Galloway's petition of allowance of appeal on April 26, 2013.  *Commonwealth v. Galloway*, 55 A.3d 141 (Pa. Super. 2012) (non-precedential decision), *appeal denied*, 67 A.3d 794 (Pa. 2013).

On April 20, 2015, Galloway filed a *pro se* "Motion for Modification of Order," which the PCRA court treated as a second PCRA petition.  On April 28, 2015, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Galloway's petition as untimely and establishing no time-bar exception.  Galloway filed a response.  By order entered June 24, 2015, the PCRA court denied Galloway's petition. Galloway appealed. On July 25, 2015, we affirmed the PCRA court's order denying Galloway post-conviction relief.  *Commonwealth v. Galloway*, 154 A.3d 869 (Pa. Super. 2016) (non-precedential decision).  On December 28, 2016, our Supreme Court denied Galloway's petition for allowance of appeal.  *Commonwealth v. Galloway*, 164 A.3d 478 (Pa. 2016).

On December 21, 2021, Galloway filed the petition at issue which he titled: "Petition for Post Conviction Relief Nunc Pro Tunc." Thereafter, Galloway filed a *pro se* motion for leave to amend his petition, as well as an amended petition. The PCRA court appointed counsel. On July 28, 2022, PCRA counsel filed a "no-merit" letter and a motion to withdraw, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In response, Galloway filed a motion for leave to file an amended petition, which the PCRA court granted, and Galloway filed an amended PCRA petition on September 26, 2022. In his amended petition, Galloway argued that, although his petition was untimely, he could establish the timeliness exception of interference by government officials, 42 Pa.C.S.A. § 9545(b)(1)(i), based upon our Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).

On March 6, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss Galloway's amended PCRA petition without a hearing because it was untimely filed. The court also permitted PCRA counsel to withdraw. Galloway filed a response. By order entered April 13, 2023, the PCRA court dismissed Galloway's petition. This appeal followed. Both Galloway and the PCRA court have complied with Pa.R.A.P. 1925.

Galloway raises the following two issues on appeal, which we state verbatim:

> (1)    If the 907/Pitts Rule was created, by the Courts, as a method to raise a claim of ineffective assistance of PCRA

- 3 -

counsel, then the 907/Pitts Rule is deemed flawed by the Courts isn't that government interference?

(2)    If the same Court created the 907/Pitts Rule, to raise PCRA counsel's ineffectiveness, rules that the 907/Pitts Rule interfered with defendants right to raise an ineffective claim of PCRA counsel isn't that government interference?

Galloway's Brief at 4.

Before addressing these issues, we first determine whether the PCRA court correctly concluded that his 2021 petition was untimely filed, and that Galloway failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Galloway's judgment of sentence became final on February 5, 2010, thirty days after he failed to file a petition for allowance of appeal with our Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Galloway had until February 7, 2011 to file a timely PCRA petition.[1] As Galloway filed the petition at issue in 2021, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Galloway has failed to plead and prove any exception to the PCRA's time bar. In his amended petition Galloway argued that our Supreme Court's **Bradley** decision, which changed the manner in which a petitioner could raise a claim of PCRA counsel's ineffectiveness constituted "interference by government officials." We cannot agree.

---

[1] Because the one-year date fell on a Saturday, Galloway had until the following Monday to file a timely petition for allowance of appeal. **See generally**, 1 Pa.C.S.A. § 1908.

Our Supreme Court has described this time-bar exception as follows:

> The governmental interference exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i). In other words, [the PCRA petitioner] is required to show but for the interference of a government actor "he could not have filed his claim earlier."

*Commonwealth v. Staton*, 184 A.3d 949, 955 ( Pa. 2018) (citation omitted).

Galloway cites no case authority for his proposition that a change in Pennsylvania decisional law constitutes government interference. Indeed, recent persuasive authority from this Court has rejected a claim that our Supreme Court's *Bradley* decision provides a basis for establishing the governmental interference exception. *See generally*, *Commonwealth v. Gray*, 304 A.3d 732 (Pa. Super. 2023) (non-precedential decision).

Moreover, as noted by the PCRA court, although Galloway was claiming governmental interference, he actually wished to rely upon the *Brady* decision to raise his PCRA counsel ineffectiveness claims anew. The court explained:

> [Galloway] argues that the *Bradley* decision operates to reset the finality of his judgment [of sentence] to the date of the *Bradley* Opinion. This would effectively give [Galloway] one year from October 21, 2021, to file a PCRA. The [PCRA court] does not agree with this interpretation of *Bradley*. There is no indication in *Bradley*, that the Supreme Court intended the decision to reset the finality of all judgments [of sentence] decided before its Opinion. The [PCRA court] refuses to extend *Bradley* to allow it to operate as a reset to the finality of judgments to the date of the *Bradley* opinion.

- 6 -

Rule 907 Notice, 3/6/23, at 6. **See also Gray**, at *3 (explaining that relying on **Bradley** is more properly construed as pleading the 'new constitutional right' exception at Section 9545(b)(1)(iii)).

Our review of recent precedent supports the PCRA court's conclusions. This Court has held that "[n]othing in **Bradley** creates a right to file a second PCRA outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023). The **Stahl** court clarified that "our Supreme Court in **Bradley** unambiguously **rejected** the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel." **Id.**

In sum, Galloway's serial PCRA petition is untimely, and he has failed to establish a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider his substantive claims. **Derrickson**, **supra**. We therefore affirm the PCRA court's order denying Galloway post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>04/04/2024</u>